DENARDO *v.* PRAVO.

(Decided September 16, 1929.)

Messrs. *Nicola & Horn,* for plaintiff in error.
Mr. *A. F. Gaughan,* for defendant in error.

VICKERY, P. J.   This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.   In the court below the plaintiff in error, Tony Denardo, was defendant, and the defendant in error, Mike Pravc, was plaintiff, who brought his action below to recover damages against the defendant for injuries resulting to him from being struck by the automobile owned and driven by the defendant, in which suit he recovered a judgment in the amount of $4,000, to reverse which error is here prosecuted.

Three several errors are alleged by the plaintiff in error as grounds why this judgment should be reversed and the cause remanded, and we will dispose of them all.

It seems that the plaintiff below was about to take passage upon a street car on Kinsman avenue in the city of Cleveland coming toward the city, and for that purpose was standing in what would ordinarily be the safety zone, within three or four feet of the street car which had stopped to take on passengers. The evidence shows that there was a painted line

on the pavement to show and mark out the safety zone limits, but at this time, being early in the morning, the stanchions that are usually placed on either end of the safety zone were not yet in place, and, under the ordinance of the city of Cleveland, when those stanchions are not placed, it is not to be regarded as a safety zone until they are so placed. This may or may not be important.

The car which the plaintiff was about to take was going westward, or toward the city, and the car had stopped at the place where the plaintiff below and several other persons, six, seven, or eight perhaps, were waiting for this car. Coming along behind the street car at a distance, according to his own evidence, plaintiff in error, the defendant below, saw the car stop a quarter of a mile away, and he drove the distance that he says he was behind this car at such a rate that it quickly took him alongside the street car, within three or four feet of the side of the car, which had come to a stop and was taking on these passengers, and in so doing he came in contact with the plaintiff below, knocked him down, broke his leg, and otherwise severely injured and bruised him, and then drove on for 100 or 200 feet before he could bring his car to a stop, which indicates that he must have been driving his automobile at a very high and dangerous rate of speed.

Now if the stanchions had been there, the plaintiff in error would have had a right to pass this standing car without stopping, if he had gone outside of the safety zone, towards the curb. If the stanchions were not there, then, under the ordinance of the city of Cleveland, it was his duty to stop at the rear end of the street car and wait until it started forward before he proceeded. There was a distance of some

20 feet to the right of where these persons were standing to get on this street car, between them and the curb, and he could have easily turned out and passed without injuring any of the persons who stood in the street waiting to get on the street car; and if there were no stanchions there, then, as already stated, it was his duty to stop his automobile until the car had proceeded forward. In either event, there was no occasion for him to drive so close to the street car that he would endanger the lives and limbs of those who had the right to be on the street for the purpose of taking a street car to take them to their destination, and hence from the record in this case he was clearly guilty of negligence.

It is claimed that the plaintiff below was guilty of contributory negligence, in that he stepped back. Well, the evidence all showed that the whole proceedings took place and the plaintiff was struck by the fender of the defendant's car within three or four feet of the side of the street car. Now it might have been that he simply stepped back in order to let the other prospective passengers have a chance to get on the car, and one of the complaints made by the plaintiff in error was that the court did not charge on the doctrine of contributory negligence, even though contributory negligence was pleaded in the answer. Well, whether that be erroneous or not depends upon the question whether there is any evidence in the record to show the plaintiff below guilty of contributory negligence.

We have looked at this record and heard the arguments of counsel, and we fail to see in what particular the plaintiff below was guilty of any contributory negligence. He was standing where he had a right to be; the defendant drove his car where he

had no right to drive it, and he drove it at such a speed that it was exceedingly dangerous for anybody that was upon the street. We do not think there is any evidence in this record to show the contributory negligence of the plaintiff below, and therefore it was not necessary for the court to charge upon that question.

One other ground for reversal is urged, namely, that the verdict is excessive, and indeed so excessive that it is claimed that it alone shows evidence of passion and prejudice upon the part of the jury. Well, I suspect that the plaintiff in error, the driver of that car, may thank his stars that he was not guilty of the crime of manslaughter, instead of being called upon to pay damages for his reckless driving. It must be remembered that pedestrians and those who are compelled to ride upon the street cars, either from choice or necessity, have exactly the same rights upon the street as the driver of an automobile has, and the driver of an automobile has to drive in such a manner that the safety of the pedestrians is guaranteed and protected.

In this case this man, from his own testimony, saw this car stop a quarter of a mile away, and in order to cover the distance that he must have covered, in order to get down to the street car before all these seven or eight passengers got on the car, he must have driven at a tremendous rate of speed, and the fact that he could not stop his car until it got 100 or 200 feet beyond indicates likewise that he was riding at a tremendous rate of speed; and he did that so close to the street car that he endangered not only this man that was injured, but every other person that was standing there ready to become a passenger upon the street car.

The record shows that this man was struck by the fender. He had a broken leg; he was injured in such manner that he must take treatments three or four times a year in order to overcome a stricture that was caused by this collision. So we do not think that the verdict of the jury was excessive. We do not think that it shows passion or prejudice by its excessiveness, for we do not think that it is excessive at all.

It is true, there may be some conflict in the evidence as to just what this man can do, and as to what he is earning, but apparently he will be more or less handicapped all the rest of his life, and so we cannot agree with the plaintiff in error's view that the verdict is excessive.

There is one other and further question, and that is that the court below erred in not granting a motion for a new trial on the ground of newly discovered evidence, and to support this motion affidavits were filed which did not seem to have had much effect upon the trial judge; nor do we think they were entitled to very much consideration. We do not think the trial judge erred in not granting the motion for a new trial on these affidavits.

Taking the whole record together, we can come to no other conclusion than that the verdict was not excessive; that the jury was warranted in finding for the plaintiff; and that the court committed no error that would be ground for us to reverse the judgment.

The judgment will therefore be affirmed.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.